UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHEIK SY,

                                Plaintiff,                    CIVIL ACTION NO.

                -against-                           COMPLAINT

ITMAM INC. and AL AHMED a/k/a MOHAMMED
ALAWI a/k/a JOSE FULA,

                                Defendants.
-----------------------------------------------------------------------X

Plaintiff Cheik Sy ("Plaintiff" or "Sy"), by his attorneys, Katz Melinger PLLC, complaining of the defendants, Itmam Inc. ("Itmam") and Al Ahmed a/k/a Mohammed Alawi a/k/a Jose Fula ("Ahmed") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION, JURISDICTION, AND VENUE

1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## PARTIES

5.      Plaintiff Cheik Sy is an individual residing in the state of New York.

6.      Defendant Itmam is a domestic business corporation with its principal place of business located at 2054 Rockaway Parkway, Brooklyn, New York 11236.

7.      Upon information and belief, Itmam owns and manages several laundromats in or around Brooklyn, New York, including one located at 2149 Caton Avenue, Brooklyn, New York 11226.

8.      Upon information and belief, Defendant Ahmed is an individual residing in the state of New York.

9.      At all relevant times, Ahmed was and still is the Chief Executive Officer ("CEO") of Itman, and exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10.     Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedules and day-to-day activities and for supervising his performance.

11.     Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

12.     Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff

13. At all relevant times, Defendants exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

14. Upon information and belief, Defendants' annual gross revenues are in excess of $500,000.00.

15. Upon information and belief, Defendants operate in interstate commerce.

16. All Defendants are subject to suit under the statutes alleged above.

## FACTUAL ALLEGATIONS

17. Plaintiff was employed by Defendants as a laundry attendant from on or about December 1, 2014 until April 7, 2018.

18. Throughout his employment with Defendants, Plaintiff worked at various laundromats in Brooklyn owned and operated by Defendants, but worked primarily at Express Laundry located at 2149 Caton Avenue, Brooklyn, New York 11226.

19. As a laundry attendant, Plaintiff's principal job responsibilities included washing, drying, and folding clothes; attending the service desk; lubricating machines; stocking supplies; and sweeping and mopping the laundromat as necessary.

20. Throughout his employment, Plaintiff regularly worked seven (7) days per week, from approximately 7:00 p.m. until 7:00 a.m., for an average of eighty-four (84) hours per week.

21. Defendants did not afford Plaintiff meal or rest breaks.

22. Throughout his employment, Plaintiff was paid a fixed weekly salary of $500.00, primarily in cash, regardless of the number of hours Plaintiff worked each week.

23. Throughout his employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to minimum wages, overtime compensation, and spread of hours compensation.

24. However, Defendants failed to pay Plaintiff at least the applicable minimum wage rate for all hours worked.

25. Based on Plaintiff's weekly compensation and the number of hours that he worked each week, Plaintiff's regular hourly rate of pay was approximately $5.95, well below the federal and state minimum wage rates.

26. Furthermore, despite routinely working more than forty (40) hours per week, Defendants did not pay Plaintiff overtime wages of one and one-half times Plaintiff's regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) per week.

27. Additionally, although Plaintiff regularly worked shifts that spanned more than ten (10) hours per day, Defendants failed to pay Plaintiff an additional hour's pay at a rate at or above the applicable minimum wage for every day in which he worked a shift that exceeded ten (10) hours.

28. Plaintiff also did not receive a notice at the time of hire, or at any time thereafter, containing his rate or rates of pay, a designated payday, and any other information required by NYLL § 195(1).

29. Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

30. In or around March 2018, Plaintiff asked Defendants to pay him overtime compensation for the hours he worked in excess of forty (40) per week, and requested that his wages be paid entirely by check.

31.     However, Defendants refused to pay Plaintiff overtime compensation, and only paid a portion of Plaintiff's weekly salary, $174.15, by check for the weeks ending March 23, 2018 and April 6, 2018.

32.     Upon receiving each such check, Plaintiff again requested that Defendants pay him overtime compensation and pay his full wages by check.

33.     On April 7, 2018, only one day after Plaintiff reiterated his request that Defendants pay him the overtime wages to which he was entitled, Defendants terminated Plaintiff's employment.

34.     Defendants terminated Plaintiff in retaliation for Plaintiff's requests to be paid overtime compensation for the hours he worked in excess of forty (40) per week, in violation of the FLSA and the NYLL.

35.     Defendants willfully violated federal and state law by failing to pay Plaintiff at least the statutory minimum wages, overtime compensation, and spread of hour wages owed to him; failing to provide Plaintiff with the wage and payroll notices required under the NYLL; and by terminating his employment in retaliation for Plaintiff's attempts to enforce his statutory rights.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Minimum Wage Violations under the FLSA)*

36.     Plaintiff repeats and realleges all prior allegations set forth above.

37.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive the statutory minimum hourly wage for all hours worked.

38.     Throughout the relevant time period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the statutory minimum wages for all hours worked.

39.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

40.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to an additional award in an amount equal to 100% of Plaintiff's unpaid wages ("liquidated damages").

41.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Minimum Wage Violations under the NYLL)*

42.     Plaintiff repeats and realleges all prior allegations set forth above.

43.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to be paid at least the applicable statutory minimum wage for all hours worked.

44.     Throughout the relevant time period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the statutory minimum wages for all hours worked.

45.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

46.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

47.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

48.     Plaintiff repeats and realleges all prior allegations set forth above.

49.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) per week.

50.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

51.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

52.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff  has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

54.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

55.     Plaintiff repeats and realleges all prior allegations set forth above.

56.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) per week.

57.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

58.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate for each hour worked in excess of forty (40) hours per week.

59.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

60.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Spread of Hours Violations under the NYLL)*

62.     Plaintiff repeats and realleges all prior allegations.

63.     Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

64.     During the relevant time period, Plaintiff was entitled to receive an additional hour of pay at the applicable minimum wage rate for every day that he worked a spread of hours that exceeded ten (10) hours.

65.     During the relevant time period, Defendants failed to pay Plaintiff an additional hour of pay for every day that he worked a spread of hours that exceeded ten (10) hours, in violation of the NYLL.

66.     As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

67.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Provide Wage Notices under the NYLL)*

68.     Plaintiff repeats and realleges all prior allegations.

69.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and anything otherwise required by NYLL § 195(1).

70.     As Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR A SEVENTH CAUSE OF ACTION
*(Failure to Provide Wage Statements under the NYLL)*

71.     Plaintiff repeat and realleges all prior allegations set forth above.

72.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his rate or rates of pay and basis thereof; his regular and overtime rates of pay; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

73.     As Defendants failed to provide Plaintiff with payroll statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*(Retaliation under the FLSA)*

74.     Plaintiff repeats and realleges all prior allegations.

75.     In or around March 2018, Defendants denied Plaintiff's request to be paid overtime compensation for all hours worked in excess of forty (40) per week.

76.     On or about April 6, 2018, Plaintiff reiterated his request to be paid overtime compensation, which Defendants again denied.

77.     Plaintiff was terminated the following day, April 7, 2018.

78.     Defendants terminated Plaintiff's employment one (1) day after, and in retaliation for, Plaintiff's attempt to assert his legal rights under the FLSA.

79.     Upon information and belief, Plaintiff was the only employee terminated on April 7, 2018.

80.     Defendants' termination of Plaintiff constitutes unlawful retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

81.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

82.     Judgement should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Retaliation Under the NYLL)

83.     Plaintiff repeats and realleges all prior allegations.

84.     Defendants terminated Plaintiff's employment one (1) day after, and in retaliation for, Plaintiff's attempt to assert his legal rights under the NYLL.

85.     Defendants' termination of Plaintiff constitutes unlawful retaliation in violation of NYLL § 215.

86.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

87.     Judgement should be entered in favor of Plaintiff and against Defendants on the Ninth Cause of Action for lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable

12

attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

i)    on the Ninth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

j)    interest;

k)    costs and disbursements; and

l)    such other and further relief as is just and proper.

Dated: New York, New York
           July 23, 2018

/s/ Nicole Grunfeld
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*
